WILLIAM M. NARUS, CAB #243633
Acting United States Attorney
District of Oregon
MIRA CHERNICK, MAB #696845
Assistant United States Attorney
mira.chernick@usdoj.gov
1000 SW Third Avenue, Suite 600
Portland, OR 97204-2902
Telephone: (503) 727-1000
Attorneys for United States of America

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 3:22-cr-00328-MO |
| v. | **GOVERNMENT'S SENTENCING MEMORANDUM** |
| NOAH MADRANO, | |
| Defendant. | |

### I.  Introduction

Defendant Noah Madrano abducted a Canadian child from outside her middle school and subjected her to a week of horrific sexual abuse, some of which he recorded. He did so after attempting to execute a similar plan involving a child in Washington state, and after amassing a collection of thousands of images of child pornography. Defendant is a dangerous predator who committed crimes against children both over the internet and in person, continuously, over the course of more than a year. He was not ashamed of his actions. Instead, he bragged about them publicly on his social media accounts and radio show. Defendant's cruelty towards his victims and their families, his complete lack of remorse, and the danger he would pose to the community if he were ever released are extraordinary. The government joins in the probation officer's recommendation that the Court impose a sentence of life imprisonment.

II.    **Factual Background**

The government agrees with the facts contained in the PSR but intends to present additional details of Defendant's conduct for the Court's consideration in fashioning an appropriate sentence. To protect the privacy of the minor victims, the government will reserve its description and discussion of Defendant's conduct for a confidential supplement to this memorandum, which will be filed separately under seal.

III.    **Sentence Recommendation**

The government joins the probation officer in recommending a sentence of life imprisonment. This sentence represents the high end of the applicable guidelines range. The government recognizes that a high-end recommendation is somewhat uncommon, particularly after a guilty plea, and especially when it results in a sentence of life. But the aggravating factors in this case—many of which are not captured by the guidelines—and the danger Defendant poses to children make life imprisonment the only sentence sufficient to punish the Defendant for his conduct and protect the community from future crimes by him.

   A.    **Defendant's Guidelines Range of 360 Months to Life is Appropriate and Reasonable**

The PSR correctly calculates Defendant's offense level as 42 and his criminal history category as I, resulting in an advisory guidelines range of 360 months to life imprisonment. This calculation includes enhancements for the following facts:

- Minor Victim 1 was older than 12 but younger than 16 years old at the time of the offense;
- Defendant sexually abused Minor Victim 1;
- Defendant knowingly distributed sexually explicit images of Minor Victim 1;
- Defendant lied to Minor Victim 1 about his age, and communicated with her through a computer, in order to produce child pornography of her and to meet with her in person to sexually abuse her;
- Defendant sexually abused and exploited Minor Victim 1 more than once.

While courts may vary from the guidelines range if they believe that application of the guidelines results in excessive sentences, "district courts are not obligated to vary from the child pornography Guidelines on policy grounds if they do not have, in fact, a policy disagreement with them." *United States v. Henderson*, 649 F.3d 955, 964 (9th Cir. 2011).[1] Each of the enhancements applied to Defendant have strong and obvious policy justifications. If the Court believes that a defendant who exploits a 13-year-old child is more culpable than one who abuses a 17-year-old child, then it should embrace the enhancement applied for the victim's age under § 2G2.1(b)(1)(B). If the Court believes that a defendant who sexually abuses his victim and records it is more culpable that a defendant whose conduct is limited to soliciting nude photos from the victim, then it should embrace the enhancement applied for commission of a sexual act under § 2G2.1(b)(2)(A). If the Court believes that a defendant who distributes sexually explicit images of his victim over the internet where they will circulate forever is more culpable than a defendant who keeps those images to himself, then it should embrace the enhancement applied for distribution § 2G2.1(b)(3). If the Court believes that a 40-year-old man who lies about his age so that his 13-year-old victim believes she is talking to a fellow teenager, and who uses social media to groom and exploit multiple victims at once, is more culpable than a defendant who does not misrepresent his identity or hunt victims on the internet, then it should embrace the enhancement applied for use of a computer and misrepresentation of identity under § 2G2.1(b)(6). And finally, if the Court believes that a defendant who sexually exploits and abuses a child repeatedly is more culpable than a defendant who does so only once, then it should embrace the enhancement applied for pattern of activity under § 4B1.5(b)(1).

---

[1] *Henderson* specifically addressed Guidelines § 2G2.2, which governs sentencing for child pornography possession or trafficking convictions. *Henderson*, 649 F.3d at 963. Defendant's guidelines are calculated under § 2G2.1, PSR ¶ 44–48, which governs the more serious offense of production of child pornography and which contains different sentencing enhancements than § 2G2.2.

**Government's Sentencing Memorandum**                                            **Page 3**

B.     **Life Sentences for Similarly Situated Defendants Are Neither Unusual nor Unreasonable**

Courts across the country have upheld the reasonableness of life or life-equivalent sentences for defendants who produce child pornography in particularly egregious ways, including those who plead guilty. These decisions recognize the particularly horrific nature of sex crimes against children, the need to protect the community from child predators, and the need to deter future abusers and producers of child pornography. *See, e.g.*, *United States v. Frederick*, No. 22-50256, 2024 WL 3886979, at *1 (9th Cir. Aug. 21, 2024) (upholding life sentence for defendant who pled guilty to one count of production of child pornography and one count of enticement of a minor, and whose offenses did not involve hands-on contact); *United States v. Brinson*, No. 22-50093, 2023 WL 8044845, at *1 (9th Cir. Nov. 21, 2023) (upholding life sentence for 24-year-old defendant with no criminal history who pled guilty to production of child pornography and engaging in a child exploitation enterprise); *United States v. Howells*, 676 F. App'x 55, 59–60 (2d Cir. 2017) (upholding 580-year sentence for defendant who pled guilty to sexually exploiting six victims, despite defendant's own history of sexual abuse); *United States v. Jines*, 597 F. App'x 886, 889 (7th Cir. 2015) (upholding 680–month sentence for defendant who pled guilty to producing child pornography of his daughter); *United States v. Cobler*, 748 F.3d 570, 582 (4th Cir. 2014) (upholding 120-year sentence for 28-year-old defendant who pled guilty to producing hands-on child pornography of a 4-year-old victim); *United States v. Hamilton*, 548 F. App'x 728, 730 (2d Cir. 2013) (upholding 1,800-month sentence for defendant who pled guilty to five counts of production of child pornography); *United States v. Demeyer*, 665 F.3d 1374, 1375 (8th Cir. 2012) (upholding 120–year sentence for defendant who pled guilty to four counts of sexual exploitation of his developmentally disabled teenage daughter); *United States v. Johnson*, 451 F.3d 1239, 1244 (11th Cir. 2006) (upholding

140–year sentence for defendant who pled guilty to production and distribution of child pornography involving two victims).

These cases are not outliers. While a life sentence is rightfully reserved for the most serious offenses, courts regularly impose life or the equivalent where, as here, the defendant's conduct is so egregious that no other sentence can meet the goals of federal sentencing. Below is a non-exhaustive list containing examples of sentences 1,800 months (150 years) or greater imposed between 2007 and 2018.

| District | Defendant's Name | Court Number | Sentence Date (Yr-Mo-Day) | Prison Time (Months) |
|---|---|---|---|---|
| ALN | Hulsey, James Shawn | 08-CR-00313-IPJ-RRA-2 | 091007 | 5760 |
| ALN | McKim, Christine Staggs | 08-CR-00313-IPJ-RRA-2 | 091007 | 5400 |
| ALN | Falgout, Pierre Ernest, III | 6:07-CR-00157-RDP-RRA | 080620 | 11520 |
| ALN | Vasiloff, Gary Steven | 4:07-CR-00337-VEH-PWG | 080204 | 3900 |
| ALN | Hayes, Gordon Elton | 4:07-CR-00062-IPJ-TMP | 070824 | 3720 |
| ALN | Ayers, Patricia Allana | 14-CR-00117-LSC-SGC-5 | 141219 | 19080 |
| ALN | Ayers, Matthew David | 14-CR-00117-LSC-SGC-5 | 141219 | 9000 |
| FLM | Tatro, Joshua Adam | 15-CR-00176-ORL | 161212 | 4200 |
| FLM | Graziotti, Matthew C. | 14-CR-00175-ORL | 150128 | 2520 |
| FLN | Olmeda, Keith | 09-CR-00030-01-SPM | 100209 | 1800 |
| INN | Eckstrom, Daniel T. | 13-CR-00084-02 | 160330 | 2880 |
| INS | Bostic, David Ryan | 1:11-CR-027-JMS-KPF | 120113 | 3060 |
| INS | Metzger, David | 09-CR-00188-LJM/KPF1 | 100525 | 2820 |
| INS | McGrath, Andrew | 1:09-CR-0169-L/F | 100517 | 4440 |
| KS | Grigsby, Philip | 12-CR-10174-JTM | 130605 | 3120 |
| MIW | Cox, Jeffrey | 14-CR-00198 | 161004 | 2880 |
| MOE | Beasley, Leland | 10-CR-00119 CEJ | 110712 | 3480 |
| NH | Wright, John Allen | 11-CR-00146-SM | 130225 | 1920 |
| NYN | Hamilton, Wayne | 11-CR-00555 | 121113 | 1800 |

| NYN | Howells, II, Stephen M. | 14-CR-00340 | 151228 | 6960 |
|---|---|---|---|---|
| OHS | Napier, James O. | 13-CR-00016-1 | 140520 | 2880 |
| TXN | Rinehart, Timothy | 13-CR-00091-B-DL | 150416 | 2160 |
| TXW | Simmons, Gemase Lee | 12-CR-00108-S | 130812 | 5760 |
| FLM | Dillon, Chad Theodore | 16-CR-00112-J | 180126 | 5760 |
| FLM | Lynch, David Paul | 17-CR-00037-T | 180301 | 3960 |
| NM | Elliott, Samuel | 14-CR-03822-RB | 180723 | 2040 |
| NM | Qualls, Jim | 14-CR-03519-RB | 180618 | 2400 |
| NYN | Seaway, Clif J | 16-CR-00340, 16-CR-00339 | 180509 | 4320 |
| PAW | Stull, Eric James | 16-CR-00125 | 180326 | 4057 |
| IAS | Stephen, Gregory Scott | 18-CR-00031 | 190927 | 2160 |
| OR | Kowalczyk, Andrew | 08-CR-00095 | 190911 | 3240 |
| RI | Gaccione, Jay S. | 17-CR-000004 | 190628 | 2160 |
| RI | Goodman, Thomas | 18-CR-00141 | 190322 | 3120 |
| TXW | Rawls, Patrick Donovan | 18-CR-00040-A | 181022 | 2340 |
| FLM | Diaz-Colon, Edgar Johan | 19-CR-00260-ORL | 200904 | 1800 |
| INS | Esposito, Jeffrey | 18-CR-00109-JMS-MJD1 | 200109 | 2400 |
| PAE | Zweitzig, Jerry | 19-CR-00311 | 200922 | 2400 |
| WAW | Rindt, John | 17-CR-05553 | 200221 | 2160 |

One of the defendants listed above, Andrew Kowalczyk, was sentenced by this Court. In doing so, the Court recognized that some crimes against children are so devastating, and some offenders so dangerous, that life in prison is the only appropriate punishment. It should do so again. No child, and no child's family, should ever have to experience what the minor victim and her family went through in this case.

## IV. Conclusion

The government respectfully recommends that the Court sentence the Defendant to life imprisonment to provide just punishment, protect the community, and deter future crimes against children.

Dated: April 2, 2025                                     Respectfully submitted,

WILLIAM M. NARUS
Acting United States Attorney

*/s/ Mira Chernick*
MIRA CHERNICK MAB #696845
Assistant United States Attorney